IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                          **INFORMATION**

**GUYLAND W. THOMPSON**                         3:19cr44/MCR
_____/

THE UNITED STATES ATTORNEY CHARGES:

COUNTS ONE THROUGH TWENTY

A.  INTRODUCTION

At all times material to this Information:

1.  United Way of Santa Rosa County Inc. ("UWSRC") was a nonprofit organization incorporated in the State of Florida with an office in Milton, Florida, headed by a board of directors. UWSRC was a chartered chapter of the national non-profit organization United Way Worldwide.

2.  UWSRC received funds from various sources, including direct donations from corporations as well as donations from employees of corporations who elected to have their employer contribute a specified portion of their paycheck to UWSRC each pay period.

3.  Defendant **GUYLAND W. THOMPSON** was employed by UWSRC as Executive Director.

4.  Defendant **GUYLAND W. THOMPSON** had access to a post office box ("P.O. Box") that was used by UWSRC as a mailing address to accept mailed donation checks.

5.  Defendant **GUYLAND W. THOMPSON** controlled Regions Bank accounts ending in 9660 and 3881 and United Bank account ending in 8701 in UWSRC's name, which were primarily used as deposit accounts to accept donations made to UWSRC (hereinafter referred to as the "deposit accounts").

6.  Defendant **GUYLAND W. THOMPSON** controlled a SunTrust Bank account ending in 2518 in UWSRC's name, which was primarily used as an operations account to pay expenditures and bills for UWSRC (hereinafter referred to as the "operations account").

7.  Defendant **GUYLAND W. THOMPSON** controlled a Regions Bank account ending in 6605 in his and his wife's names.

8.  Defendant **GUYLAND W. THOMPSON** controlled a SunTrust Bank account ending in 3931 in his and his wife's names.

### B. THE CHARGE

Between on or about October 14, 2011, and on or about October 31, 2018, in the Northern District of Florida and elsewhere, the defendant,

**GUYLAND W. THOMPSON,**

did knowingly and willfully devise, and intend to devise, a scheme to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, did cause wire communications to be transmitted in interstate commerce.

## C. SCHEME TO DEFRAUD

It was part of the scheme to defraud that:

1. Since at least 2011, Defendant **GUYLAND W. THOMPSON** fraudulently embezzled from UWSRC, for his personal use, by utilizing the access and control of UWSRC's P.O. Box and bank accounts he had by virtue of his position as Executive Director.

2. Defendant **GUYLAND W. THOMPSON** received donation checks for UWSRC mailed to the UWSRC P.O. Box, including employee contribution checks as well as other miscellaneous corporate donation checks. However, the defendant did not advise anyone at UWSRC that he received these checks and did not deposit these checks into UWSRC's deposit accounts. The defendant diverted and collected these checks until he was asked by UWSRC's bookkeeper to make a transfer of funds via check from one of UWSRC's deposit accounts to UWSRC's operations account so that various bills and expenditures could be paid.

3. When Defendant **GUYLAND W. THOMPSON** received such a check written from one of UWSRC's deposit accounts for deposit into the

operations account, he took said check to Regions Bank or United Bank, used part of it to purchase a cashier's check, and took the remainder as cash. The defendant ensured the cash amount was the same as the total of the diverted donation checks he had collected. The defendant then went to SunTrust Bank and conducted a multi-item deposit into UWSRC's operations account. The deposit consisted of the cashier's check and the donation checks he diverted and which items totaled the amount of the UWSRC check he received for deposit from UWSRC's bookkeeper. The defendant retained the cash proceeds for his personal use.

4. On a few occasions, Defendant **GUYLAND W. THOMPSON** took the check written from one of UWSRC's deposit accounts to Regions Bank and cashed the entire check. The defendant then went to SunTrust Bank and made a multi-item deposit into UWSRC's operation account that consisted of diverted donation checks and either a check written from one of his personal accounts or some of the cash, so that the amount of the total deposit matched the amount of the original check. The defendant retained the remaining cash proceeds for his personal use.

5. By conducting transactions in this manner, Defendant **GUYLAND W. THOMPSON** made it appear on UWSRC's account statements that the original check written from UWSRC's deposit account was simply deposited into its operations account as requested by UWSRC's bookkeeper.

6. Defendant **GUYLAND W. THOMPSON** failed to disclose the existence of donation checks to any board member or employee of UWSRC in order to cover up his scheme to defraud, and failed to disclose to any board member or employee of UWSRC that he was embezzling money from the organization.

7. Defendant **GUYLAND W. THOMPSON** took steps to prevent any internal or external audits of UWSRC that would have uncovered his scheme to defraud, including submitting false certifications to United Way Worldwide stating that internal control assessments or independent audits had been conducted as required.

8. Defendant **GUYLAND W. THOMPSON** made fraudulent misrepresentations to bank employees that the transactions he was conducting were for the benefit of UWSRC in order to cover up and continue his scheme to defraud.

9. Defendant **GUYLAND W. THOMPSON** conducted hundreds of fraudulent deposits in the manner described above in order to execute his scheme to defraud. As a result of his scheme, Defendant **GUYLAND W. THOMPSON** embezzled at least $652,000.61 from UWSRC.

## D. WIRE COMMUNICATIONS

On or about the following dates, for the purpose of executing the scheme to defraud, the defendant,

## GUYLAND W. THOMPSON,

knowingly did cause wire communications to be transmitted in interstate commerce by depositing cashier's checks purchased using checks written from UWSRC's Regions Bank accounts into UWSRC's SunTrust Bank account ending in 2518, as set forth below:

| COUNT | DATE DEPOSITED | CASHIER'S CHECK AMOUNT | PURCHASING CHECK(S) AMOUNT AND ACCOUNT |
|---|---|---|---|
| ONE | May 23, 2014 | $1,953.63 | $7,000.00 from account ending in 9660 |
| TWO | September 29, 2014 | $2,405.96 | $7,000 from account ending in 9660 |
| THREE | November 28, 2014 | $9,206.11 | $16,000 from account ending in 9660 |
| FOUR | January 29, 2015 | $7,780.86 | $14,000 from account ending in 9660 |
| FIVE | April 30, 2015 | $4,778.51 | $9,900 from account ending in 9660 |
| SIX | August 31, 2015 | $5,466.48 | $12,000 from account ending in 3881 |
| SEVEN | October 30, 2015 | $11,729.94 | $18,000 from account ending in 3881 |
| EIGHT | December 31, 2015 | $5,619.55 | $11,500 from account ending in 9660 |
| NINE | April 20, 2016 | $89,650.95 | $96,000 from account ending in 3881 |

| COUNT | DATE DEPOSITED | CASHIER'S CHECK AMOUNT | PURCHASING CHECK(S) AMOUNT AND ACCOUNT |
|---|---|---|---|
| TEN | June 1, 2016 | $5,325.75 | $11,900 from account ending in 9660 |
| ELEVEN | August 31, 2016 | $5,444.63 | $6,000 from account ending in 9660 and $6,500 from account ending in 3881 |
| TWELVE | September 30, 2016 | $6,330.13 | $10,900 from account ending in 9660 and $1,100 from account ending in 3881 |
| THIRTEEN | January 30, 2017 | $2,682.51 | $8,900 from account ending in 9660 |
| FOURTEEN | March 30, 2017 | $16,614.20 | $23,000 from account ending in 9660 |
| FIFTEEN | May 15, 2017 | $7,372.95 | $14,000 from account ending in 9660 |
| SIXTEEN | August 31, 2017 | $17,172.55 | $23,000 from account ending in 3881 |
| SEVENTEEN | December 29, 2017 | $42,115.39 | $48,000 from account ending in 9660 |
| EIGHTEEN | February 27, 2018 | $9,586.92 | $15,000 from account ending in 9660 |
| NINETEEN | April 30, 2018 | $10,484.22 | $16,000 from account ending in 9660 |
| TWENTY | August 1, 2018 | $3,333.80 | $8,000 from account ending in 9660 |

All in violation of Title 18, United States Code, Section 1343.

**COUNT TWENTY-ONE**

On or about May 28, 2013, in the Northern District of Florida, the defendant,

**GUYLAND W. THOMPSON,**

a resident of Milton, Florida, who during the calendar year 2012 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2012, by filing and causing to be filed with any proper officer of the Internal Revenue Service a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, and in that false return, it was stated that the joint taxable income of the defendant and his spouse for the calendar year 2012 was the sum of $106,598, and that the amount of tax due and owing was the sum of $4,936, whereas, in truth and fact, as the defendant then and there knew and believed, their joint taxable income for the calendar year 2012 that was substantially in excess of greater than $106,598, and that upon said additional total income, there was a substantial additional tax due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

### COUNT TWENTY-TWO

On or about July 14, 2014, in the Northern District of Florida, the defendant,

### GUYLAND W. THOMPSON,

a resident of Milton, Florida, who during the calendar year 2013 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2013, by filing and causing to be filed with any proper officer of the Internal Revenue

8

Service a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, and in that false return, it was stated that the joint taxable income of the defendant and his spouse for the calendar year 2013 was the sum of $102,138, and that the amount of tax due and owing was the sum of $6,543, whereas, in truth and fact, as the defendant then and there knew and believed, their joint taxable income for the calendar year 2013 was substantially in excess of $102,138, and that upon said additional total income, there was a substantial additional tax due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

### COUNT TWENTY-THREE

On or about February 7, 2018, in the Northern District of Florida, the defendant,

### GUYLAND W. THOMPSON,

a resident of Milton, Florida, who during the calendar year 2016 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2016, by filing and causing to be filed with any proper officer of the Internal Revenue Service a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, and in that false return, it was stated that the joint taxable income of the defendant and his spouse for the calendar year 2016 was

the sum of $112,450, and that the amount of tax due and owing was the sum of $9,186, whereas, in truth and fact, as the defendant then and there knew and believed, their joint taxable income for the calendar year 2016 was substantially in excess of greater than $112,450, and that upon said additional total income, there was a substantial additional tax due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

## CRIMINAL FORFEITURE

The allegations in Counts One through Twenty of this Information are realleged and incorporated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

From the defendant's engagement in the violations alleged in Counts One through Twenty of this Information, the defendant,

## GUYLAND W. THOMPSON,

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all of the defendant's right, title and interest in any property, real and personal, constituting, and derived from, proceeds traceable to those offenses, including, but not limited to, the aggregate sum of approximately $652,000.61.

The property to be forfeited includes, but is not limited to:

    i.      approximately $59,909.30 seized on April 29, 2019, from Santa Rosa County Federal Credit Union account ending in 5040 held in in the names of Defendant **GUYLAND W. THOMPSON** and his wife; and

    ii.     approximately $161,958.98 seized on or about May 1, 2019, from PurePoint Financial account ending in 4292 held in the name of the wife of Defendant **GUYLAND W. THOMPSON**.

If any of the property subject to forfeiture pursuant to Counts One through Twenty of the Information, as a result of any act or omission of the defendant:

    i.      cannot be located upon the exercise of due diligence;

    ii.     has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.     has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek

forfeiture of any other property of the defendant up to the value of the forfeitable property.

_____
LAWRENCE KEEFE
United States Attorney


_____
ALICIA H. FORBES
Assistant United States Attorney


5/9/19
_____
DATE