### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                     **CASE NO.**

**GUYLAND W. THOMPSON**

_____/

### FACTUAL BASIS FOR GUILTY PLEA

This statement of facts is submitted on behalf of the undersigned parties. All parties agree that if the above-captioned case were to go to trial, the government could produce competent, substantial evidence of the following facts to prove the defendant is guilty of the counts of the Information to which the defendant is pleading guilty. The parties further agree that all of the following facts are true and correct and that not all of the facts known from or related to this investigation are contained in this brief summary.

### STATEMENT OF FACTS

Between at least on or about October 14, 2011, and on or about October 31, 2018, Defendant Guyland W. Thompson devised and executed a scheme to defraud United Way of Santa Rosa County Inc. ("UWSRC") by fraudulently embezzling money belonging to UWSRC for his personal use. He accomplished this by utilizing the access and control to UWSRC's post office box ("P.O. Box") and bank accounts he had by virtue of his position as Executive Director of UWSRC.

1

The defendant received donation checks for UWSRC mailed to the P.O. Box, including employee contribution checks as well as other miscellaneous corporate donation checks. However, the defendant did not advise anyone at UWSRC that he received these checks and did not deposit these checks into UWSRC's deposit accounts at Regions Bank. The defendant diverted and collected these checks until he was asked by UWSRC's bookkeeper to make a transfer of funds via check from one of UWSRC's deposit accounts to UWSRC's operations account so that various bills and expenditures could be paid.

When the defendant received such a check written from one of UWSRC's deposit accounts for deposit into the operations account, he took said check to Regions Bank in Milton, Florida, used part of the check's funds to purchase a cashier's check, and took the remainder as cash. The defendant ensured the cash amount was the same as the total amount of diverted donation checks he had. The defendant then went to SunTrust Bank in Milton, Florida, and conducted a multi-item deposit into UWSRC's operations account. The deposit consisted of the cashier's check and the diverted donation checks such that the total amount deposited into the operations account matched the amount of the original check written from a deposit account. This caused wire communications to be sent in interstate commerce. The defendant then retained the cash proceeds for his personal use.

2

On a few occasions, the defendant took the check written from one of UWSRC's deposit accounts to Regions Bank and cashed the entire check. The defendant then went to SunTrust Bank and made a multi-item deposit into UWSRC's operation account. The deposit consisted of diverted donation checks and either a check written from one of his personal accounts or some of the cash such that the total deposited matched the amount of the original check. The defendant then retained the remaining cash proceeds for his personal use.

By conducting transactions in this manner, the defendant made it appear on UWSRC's account statements that the original check written from UWSRC's deposit account was simply deposited into its operations account, as requested by UWSRC's bookkeeper. The defendant failed to disclose the existence of donation checks to any board member or employee of UWSRC in order to cover up his scheme to defraud, and he failed to disclose to any board member or employee of UWSRC that he was embezzling money from the organization prior to on or about September 28, 2018. The defendant took steps to prevent any internal or external audits of UWSRC from occurring that would have uncovered his scheme to defraud, including submitting false certifications to United Way Worldwide that internal control assessments or independent audits had been conducted as required. The defendant made fraudulent misrepresentations to bank employees that the transactions he was conducting were for the benefit of UWSRC in order to cover up and continue his scheme to defraud.

3

As part of his scheme to defraud, the defendant caused the following wire communications to be transmitted in interstate commerce by knowingly depositing into UWSRC's SunTrust Bank account ending in 2518 of cashier's checks purchased using checks written from UWSRC's Regions Bank accounts, as set forth below:[1]

| Count | Date Deposited | Cashier's Check Amount | Purchasing Check(s) Amount and Account | Cash Retained by Defendant |
|---|---|---|---|---|
| ONE | May 23, 2014 | $1,953.63 | $7,000 from account ending in 9660 | $5,046.37 |
| TWO | September 29, 2014 | $2,405.96 | $7,000 from account ending in 9660 | $4,594.04 |
| THREE | November 28, 2014 | $9,206.11 | $16,000 from account ending in 9660 | $6,793.89 |
| FOUR | January 29, 2015 | $7,780.86 | $14,000 from account ending in 9660 | $6,219.14 |
| FIVE | April 30, 2015 | $4,778.51 | $9,900 from account ending in 9660 | $5,121.49 |
| SIX | August 31, 2015 | $5,466.48 | $12,000 from account ending in 3881 | $6,533.52 |
| SEVEN | October 30, 2015 | $11,729.94 | $18,000 from account ending in 3881 | $6,270.06 |
| EIGHT | December 31, 2015 | $5,619.55 | $11,500 from account ending in 9660 | $5,880.45 |
| NINE | April 20, 2016 | $89,650.95 | $96,000 from account ending in 3881 | $6,349.05 |
| TEN | June 1, 2016 | $5,325.75 | $11,900 from account ending in 9660 | $6,574.25 |
| ELEVEN | August 31, 2016 | $5,444.63 | $6,000 from account ending in 9660 and $6,500 from account ending in 3881 | $7,055.37 |
| TWELVE | September 30, 2016 | $6,330.13 | $10,900 from account ending in 9660 and $1,100 from account ending in 3881 | $5,669.87 |

4

[1] When a check is deposited into a SunTrust account, it is processed via ACH in Georgia and a copy is sent electronically to servers in either Georgia or South Carolina.

| THIRTEEN | January 30, 2017 | $2,682.51 | $8,900 from account ending in 9660 | $6,217.49 |
|---|---|---|---|---|
| FOURTEEN | March 30, 2017 | $16,614.20 | $23,000 from account ending in 9660 | $6,385.80 |
| FIFTEEN | May 15, 2017 | $7,372.95 | $14,000 from account ending in 9660 | $6,627.05 |
| SIXTEEN | August 31, 2017 | $17,172.55 | $23,000 from account ending in 3881 | $5,827.45 |
| SEVENTEEN | December 29, 2017 | $42,115.39 | $48,000 from account ending in 9660 | $5,884.61 |
| EIGHTEEN | February 27, 2018 | $9,586.92 | $15,000 from account ending in 9660 | $5,413.08 |
| NINETEEN | April 30, 2018 | $10,484.22 | $16,000 from account ending in 9660 | $5,515.78 |
| TWENTY | August 1, 2018 | $3,333.80 | $8,000 from account ending in 9660 | $4,666.20 |

The defendant conducted hundreds of fraudulent deposits in the manner described above in order to execute his scheme to defraud. As a result of his scheme to defraud, the defendant embezzled at least $652,000.61 from UWSRC.

The defendant failed to report the income he received from his embezzlement scheme on the joint U.S. Individual Income Tax Returns, Forms 1040, he filed on behalf of himself and his spouse with the Internal Revenue Service ("IRS") for the tax years 2012 through 2017, as required. As a result of the defendant's failure to report the additional income he received from embezzling from UWSRC, he willfully evaded assessment and payment of an approximate total of $159,362.00 additional income tax due and owing for those six years, as follows:

| Tax Year | Date Return Filed | Income Reported | Unreported Embezzled Income | Tax Reported on Return | Additional Tax Due and Owing |
|----------|-------------------|-----------------|------------------------------|------------------------|------------------------------|
| 2012 | May 28, 2013 | $106,598.00 | $86,634.14 | $4,936.00 | $27,864.00 |
| 2013 | July 14, 2014 | $102,138.00 | $99,336.60 | $6,543.00 | $27,294.00 |
| 2014 | October 15, 2015 | $113,544.00 | $95,235.09 | $9,945.00 | $25,637.00 |
| 2015 | October 16, 2016 | $107,818.00 | $98,160.33 | $9,274.00 | $25,915.00 |
| 2016 | February 7, 2018 | $112,450.00 | $98,561.88 | $9,186.00 | $27,718.00 |
| 2017 | October 14, 2018 | $115,484.00 | $92,047.05 | $9,570.00 | $24,934.00 |

## ELEMENTS

The defendant can be found guilty of wire fraud, in violation of 18 U.S.C.

§ 1343, only if all the following facts are proved beyond a reasonable doubt:

(1) the defendant knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises;

(2) the false or fraudulent pretenses, representations, or promises were about a material fact;

(3) the defendant intended to defraud someone; and

(4) the defendant transmitted or caused to be transmitted by wire, radio, or television some communication in interstate commerce to help carry out the scheme to defraud.

The defendant can be found guilty of tax evasion, in violation of 26 U.S.C.

§ 7201, only if all the following facts are proved beyond a reasonable doubt:

6

(1) the defendant owed substantial income tax in addition to the amount declared on his tax return;

(2) the defendant knew when he filed that income tax return that he owed substantially more taxes than the amount reported on his return; and

(3) the defendant intended to evade paying taxes he knew he was required by law to pay.

LAWRENCE KEEFE
United States Attorney

RYAN M. CARDOSO
Attorney for Defendant

ALICIA H. FORBES
Assistant United States Attorney

GUYLAND W. THOMPSON
Defendant

5|9|19
Date

May 7, 2019
Date

7